UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH PLAKOSH,

        Plaintiff,

v.                                    Case No:  2:24-cv-563-JES-KCD

THE STANDARD FIRE INSURANCE
COMPANY,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Respectful Motion to Remand (Doc. #10) filed on June 20, 2024.  Defendant filed a Response in Opposition (Doc. #11) on July 5, 2024. Plaintiff was granted leave to file a reply and filed a Court Permitted Respectful Response to Defendant's Response (Doc. #18) on July 16, 2024.  (Doc. #17.)  Plaintiff seeks to remand the case to state court asserting that removal was untimely.

*I.*

The Complaint (Doc. #4) was originally filed in state court on April 16, 2024.  According to the Complaint, on or about August 21, 2022, non-party Frank Henke, Jr. was an underinsured motorist who negligently operated or used his vehicle, striking plaintiff Joseph Plakosh.  (Id. at ¶¶ 5-7.)  As a result of the accident, plaintiff suffered "bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for

the enjoyment of life, lost wages, and medical expenses, and related expenses. These losses are either permanent or continuing and Plaintiff, JOSEPH PLAKOSH, will suffer losses in the future." (Id. at 8.)  Plaintiff claimed a right to reimbursement for medical bills and lost wages that have not been paid from no-fault insurance and other collateral sources.  The Complaint identified plaintiff as a resident of Florida.  (Id. 2.)

At the time of the accident, plaintiff was insured by defendant The Standard Fire Insurance Company.  The Complaint stated that the bodily injury damages sustained were in excess of the bodily injury insurance limits of $100,000.  (Id. at 11.)  The Complaint alleged that plaintiff was entitled to underinsured motorist coverage through the policy with defendant because Frank Henke, Jr. was an underinsured motorist.  (Id.)

The Complaint asserts that plaintiff has demanded all the underinsured motorist policy limits under the policy, but defendant has failed to pay and continues to withhold payment. (Id. at 17.)  The Complaint further states that plaintiff seeks damages of $50,000 for breach of contract in Count I, and the same amount for violation of Fla. Stat. § 624.155 in Count II for bad faith and unfair claim settlement practices.  (Id. at 1, 25.) Plaintiff also seeks recovery of attorney's fees under both counts.

Attached to the Complaint is a Civil Remedy Notice that was received by defendant via certified mail on January 11, 2024.

(Doc. #4-1, Exh. B.)    The Notice states that plaintiff had attempted on multiple occasions to resolve the claim for the full policy limit of $250,000 after a violent rollover crash. Plaintiff provided medical records and sworn affidavits, the crash report, and other documents in support of his claim.   Plaintiff's injuries are detailed, and the total billing is stated as $172,850.

Defendant filed an Answer and Affirmative Defenses on May 9, 2024, in state court which, among other things, denied knowledge of plaintiff's residence.  (Doc. #5 at ¶ 2.)

On May 9, 2024, defendant made a Request for Admissions to Plaintiff (Doc. #1-3) asking plaintiff to admit that he was a citizen of Florida on the date of the filing of the complaint, that his "true, fixed and permanent home" was in Florida, and that plaintiff is not a citizen of the State of Connecticut.   On June 8, 2024, plaintiff filed Timely Responses to Defendant's First Request for Admissions (Doc. #1-4) objecting to the question as phrased but responded without waiving objections that he was a citizen of Florida as of the filing of the suit and that plaintiff's home was in Florida at the time of filing the action. Both admissions also included "[t]o the extent applicable, this denial, also includes but is not limited to, the denial of any assertion/allegation of applicable legal existence of diversity jurisdiction in this instant case matter under this instant case matter's circumstances."  (Doc. #1-4.)  On or about June 8, 2024,

plaintiff also filed Timely Responses and Objections to the First Set of Interrogatories (Doc. #1-5) indicating his prior addresses and how long he has resided at each address, including the current one in Cape Coral, Florida.

On June 14, 2024, defendant filed a Notice of Removal (Doc. #1) removing the case to federal court on the basis of diversity of citizenship.

## *II.*

Plaintiff argues that the Notice of Removal was untimely because the amount in controversy was clear on the face of the Complaint, which had been filed more than thirty days prior to the Notice of Removal. Defendant responds that the time for removal did not begin until plaintiff's June 8, 2024, responses to jurisdictional discovery established that plaintiff has resided in Florida for the last four years and his citizenship was diverse from defendant's citizenship. Defendant further relies on the same responses to confirm accrued medical bills in the amount of $172,877.62. In reply, plaintiff notes that the Complaint pled that he resided in Florida, and defendant could have presumed that plaintiff was domiciled in Florida.

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- **(1)** citizens of different States…." 28 U.S.C. § 1332(a)(1). A

corporation is a citizen of every State where it is incorporated and the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A civil action brought in State court may be removed to the district court having original jurisdiction. 28 U.S.C. § 1441(a). The Notice of Removal "shall be filed within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based", or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

**A. Citizenship**

"Where a party's citizenship cannot be ascertained from the initial pleading, the removal statute allows for removal after the defendant receives "a copy of an amended pleading, motion, order or other paper" that demonstrates the plaintiff's citizenship." Whelan v. Wesley Apartment Homes, LLC, 376 F. Supp. 3d 1312, 1319 (N.D. Ga. 2019) (citing Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 n.4 (11th Cir. 2010)). Plaintiff argues that because the Complaint alleged he "resided in Florida," there is a presumption that plaintiff was a citizen of Florida in the absence of evidence that plaintiff was domiciled or a citizen somewhere else. (Doc. #1 at ¶¶ 8-9.) Plaintiff is incorrect.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. [] 'A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citations omitted). "Residence alone is not enough" and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen

Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

The 'citizenship' of plaintiff was not apparent from the face of the complaint, and it was not until the June 8, 2024, answers to the requests for admissions and responses to interrogatories (responses collectively) that defendant could ascertain the 'domicile' of plaintiff for removal purposes. Even then, plaintiff asserted objections and qualifications to his responses, and defendant nonetheless timely proceeded with removal on June 14, 2024, well within the 30-day time period to do so.

**B. Amount in Controversy**

If removal is based on diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The amount in controversy is determined at the time of removal. S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014). "[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "'When the complaint does not claim a specific amount of damages, removal from state court is

jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" Id. (quoting Williams, 269 F.3d at 1319). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (citation omitted). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. Id. at 1061 (citations omitted).

In this case, the amount in controversy was facially apparent from the Complaint based on reasonable inference that the medical expenses are considerable:

> As a direct and proximate result of the subject incident, Plaintiff, JOSEPH PLAKOSH, suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, lost wages, and medical expenses, and related expenses. These losses are either permanent or continuing and Plaintiff, JOSEPH PLAKOSH, will suffer losses in the future.
>
> …
>
> The bodily injury damages sustained by the Plaintiff as a result of the subject motor vehicle collision are in excess of the liable party's bodily injury insurance limits of $100,000.00 and therefore, an underinsured motorist claim is created in favor of the Plaintiff, JOSEPH PLAKOSH and against the

Defendant, THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS INSURANCE.

Plaintiff gave notice of covered losses and made a claim and demand under the uninsured/underinsured motorist coverage benefits for reasonable and necessary and related medical, rehabilitative, and remedial medical treatment and permanent injuries within a reasonable degree of medical probability arising out of the subject accident.

On or about January 11, 2024, Plaintiff notified the Insurance Commissioner pursuant to the pre-suit notice requirements under Fla. Stat. 624.155 of Defendant's violations of the statute by failing to settle in good faith, etc. A copy of said Civil Remedy Notice is attached hereto and made part hereof as "Exhibit B."

Said Civil Remedy Notice was also received by Defendant when Plaintiff's counsel sent it dated January 11, 2024 via certified mail. A copy of said associated correspondence is attached and part hereof as "Exhibit C."

(Doc. #4 at ¶¶ 8, 11, 32, 54-56.)  Specifics are provided in the

attached and incorporated documents, specifically the attached

Civil Remedy Notice[1]:

Claimant, Joseph Plakosh (hereinafter sometimes "Claimant"), by and through undersigned counsel, has attempted on multiple occasions in good faith to resolve this claim for the full represented policy limit (for $250,000.00)-to no avail. Claimant was involved in a car crash on or about August 21,

---

[1] "Courts in our Circuit have universally recognized that a sufficiently detailed civil-remedy notice will trigger a defendant's 30-day deadline to remove." Cuesta v. Progressive Express Ins. Co., No. 21-60932-CIV, 2021 WL 4204889, at *3 (S.D. Fla. Sept. 16, 2021) (collecting cases).

2022 (almost going on one and a half years ago) in Lee County, Florida for which he was not found liable-as evidenced by the Florida Traffic Crash report (previously provided to THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS), Claimant, Joseph Plakosh sustained bodily injuries in an extremely violent role over crash that occurred on or about August 21, 2022 in Florida (struck by the liable party at an approximate speed of 60 mph per crash report) in which claimant's vehicle was caused to land upside down. THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS is aware that the liable party's insurance company tendered the liable party's insurance policy in excess of 1 year ago and that the liable party's policy limit Is not enough to pay the full amount the Insured Is legally entitled to recover as damages. Notice of Intent to Make Claim on Uninsured/Underinsured Motorist Coverage was made over 1 year ago on the Standard Fire Insurance Company D/B/A Travelers.

Without question, Claimant Is not liable.

…

Claimant, JOSEPH PLAKOSH was violently struck by the liable party's vehicle causing the Claimant's vehicle to roll upside down and to ultimately land on its roof. As can be seen from the medical records previously provided to THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS, JOSEPH PLAKOSH, among other things, suffered injury to his head-struck and lacerated his head-suffered a degree of documented traumatic brain injury-(a degree of TBI), neck/back areas, and to his left knee area. He has treated by way of Emergency Room (within a matter of hours of the crash), Physical Therapy, chiropractic, pain management/orthopedic (including, but not limited to, three separate radiofrequency ablation procedures (two bilateral lumbar L3-4, L4-L5, L5-S1 radiofrequency ablation procedures and one cervical radiofrequency ablation procedure At CS-6 and C6-7-left

sided) and underwent left knee arthroscopy/lateral meniscectomies surgery, etc.- (suffered, among other things, left knee meniscus tearing). PIP Is exhausted. His total billing is in excess of $172,850.00 (exclusive of adjustments, etc.). Nevertheless, I defer to Joseph Plakosh's medical records (previously provided to THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS). As THE STANDARD FIRE INSURANCE COMPANY D/B/A TRAVELERS is aware-this matter is approximately one year and four months old and THE STANDARD FIRE INSURANCE COMPANY D/B/A has had JOSEPH PLAKOSH'S executed medical authorization forms for approximately 11 months.

(Doc. #4-1, pp. 7-8.)

While the amount in controversy was facially apparent from the Complaint, plaintiff's citizenship was not.  Defendant removed the case within the 30 days of the responses to jurisdictional discovery, so the notice of removal was timely.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Respectful Motion to Remand (Doc. #10) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___9th___ day of August 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 11 -